THE FOURTH NATIONAL BANK *v.* AMBROSE SNOW AND ANOTHER.

The plaintiff received from an insurance company as collateral, for a loan made to it, certain notes of the defendants, which the latter had given to the company in payment for a risk assumed:   *Held*, in an action on the notes against the makers, that the plaintiff was a holder for value, and that it was no defense that the insurance company was insolvent when it assumed the risk for which the notes were given, it appearing that the plaintiff's loan to the company was in any part unpaid.

SPECIAL TERM, <em>January</em>, 1869.

MOTION by the defendants to vacate a judgment taken for want of an answer and for leave to serve an answer.

The action was brought on two promissory notes made by the defendants to the Washington Marine Insurance Company, and by that company endorsed to the plaintiff for value.   The defendants alleged that the notes were given to said company by them for premiums due it on certain policies of Insurance issued to the defendants by the company at a time when the company was utterly insolvent and unable to pay its debts; that the notes in suit with others had been deposited with the plaintiffs by the company as security for a loan made to the

latter; and that the plaintiffs have collected the amount of said loan, except about $2,400.

The motion was opposed on grounds stated in the opinion of the court.

*Richard H. Huntley*, for the motion.

*Livingston K. Miller*, opposed.

BRADY, J.—The plaintiffs received the notes in suit and other notes of various persons from the Washington Marine Insurance Company, according to the statement of the defendants in this action, as security for money loaned, and it seems, at the time such loan was made. The defendants also allege that the Washington Marine Insurance Company received the notes from them in payment for a risk assumed when the company was insolvent, in which condition it had continued to be. And further, that the debt which these notes were given to secure had been all collected out of the other collaterals, except the sum of about two thousand four hundred dollars, and upon these facts they ask to be permitted to put in an answer, judgment having been obtained against them by default. I do not deem it necessary to consider the plaintiffs' action in the Superior Court, because it has, in my judgment, no bearing on this application. The plaintiffs having made a loan predicated on the defendants' notes is a holder for value, and is entitled to recover the amount of the notes, unless the sum which they were given to secure has been paid, in which case the plaintiffs would have no title to them. If the debt has been paid only in part, the plaintiffs would be limited to the balance due, because the transfer of the notes was intended to cover the sum loaned, and the notes can be used by them only for that purpose. The residuary interest would be in the Washington Marine Insurance Company, if it had not gone into bankruptcy, which placed it by legal effect in the assignees appointed by the proper authority. Assuming the statement to be true that the debt mentioned has been paid all but $2,400, there is no defense to this action, because that sum is in excess

of the defendants' notes. The plaintiffs being holders for value, no equities can be interposed against their recovery growing out of the transactions between the original parties. In this action for the reasons assigned the defendants can have no relief; and I discover, on reflection, no mode of procedure for indemnity but to assert their right to a distributive share of the assets of the Washington Marine Insurance Company, as its creditors. The plaintiffs are under obligations to account for the proceeds of the collaterals which were deposited with them, and I am inclined to the opinion, could, on a proper application of the defendants and others occupying the same alleged relation, be enjoined from paying over to the assignees in bankruptcy (unless there be some provision in the bankrupt law itself to the contrary) any moneys paid by them in excess of the plaintiffs' debt upon obligations fraudulently obtained by the Washington Marine Insurance Company, if such moneys could be separated from the bulk of the plaintiffs' receipts. A court of equity would hold them for the owners, inasmuch as the defense which would be valid against the company was unavailable against the notes in the hands of the plaintiffs under the law governing negotiable instruments. A proceeding to accomplish that object would require the presence of all the parties connected with the transactions, and this court has not the power in this case to direct them to be brought in. These suggestions are made in answer to the proposition of the counsel for the defendants that there must be some mode of giving the defendants relief, who have not only the defense of fraud against the notes but a counter claim also against the Washington Marine Insurance Company. There being no defense to this action and no means of indemnifying the defendants herein, their motion must be denied. The plaintiffs are entitled to judgment.

Motion denied.